IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| AUSTIN MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>STONEHENGE HOME SPECIALTIES, LLP., SECOR INVESTMENTS, LLC., CS STRUCTURES, INC.,<br><br>Defendants. | CV-23-31-B-BMM<br><br>ORDER |

## BACKGROUND

CS Structures, Inc. ("CS Structures") sued Secor Investments, LLC ("Secor") in Montana state court for outstanding payment from the construction of a commercial building. (Doc. 16 at 1-2.) Stonehenge Home Specialties ("Stonehenge") worked on the building as a subcontractor for CS Structures.

Austin Mutual Insurance Company ("Austin Mutual") insures Stonehenge. (Doc. 16 at 2.) A claims adjuster for Austin Mutual requested that Brian Gushi, the owner and principal of Stonehenge and Austin Mutual's contact at Stonehenge, (Doc. 16 at 14, 2), attend an inspection of the property at issue on March 12, 2020, (Doc. 16 at 5.) Gushi did not attend. (*Id.*)

CS Structures filed a third-party complaint against Stonehenge for contribution and indemnity on April 29, 2020. (Doc. 16 at 2.) CS Structures alleged Stonehenge "failed to properly complete its work" on the building. (*Id.*) Austin Mutual's claims adjuster repeatedly attempted to contact Gushi from May to August 2020 to discuss the action against Stonehenge, but Gushi did not respond. (Doc. 16 at 6-7.) Austin Mutual retained counsel to defend Stonehenge, but counsel withdrew after counsel could not reach Gushi. (Doc. 16 at 7, 8, 11.) Austin Mutual sought and received a declaratory judgment from this Court that it had no duty to defend or indemnify Stonehenge with respect to the CS Structures claim. (Doc. 16 at 11.)

Secor filed a second third-party complaint against Stonehenge for damages and defects related to the building on August 2, 2021. (*Id.*) Austin Mutual retained counsel to defend Stonehenge, but counsel withdrew after counsel could not reach Gushi. (Doc. 16 at 12, 13-14.) Austin Mutual's claims adjuster mailed and emailed Gushi on April 14, 2023, warning that if Gushi failed to make contact with Austin Mutual by April 28, 2023, "Austin Mutual will deny coverage for this claim due to your material breach of the Policy." (Doc. 16 at 12-13.) Gushi did not make contact in the time allowed. (Doc. 16 at 16.)

CS Structures asserts a counterclaim against Austin Mutual for declaratory judgment that Austin Mutual has a duty to defend CS Structures against Secor's

claim against CS Structures. (Doc. 10.) Austin Mutual sought summary judgment that it is under no duty to defend or indemnify CS Structures against claims filed in the underlying case under Stonehenge's Policy with Austin Mutual. (Doc. 22; Doc. 23 at 2.) Austin Mutual withdrew its motion for summary judgment as to CS Structure's counterclaim when Austin Mutual located evidence of CS Structures's status as an additional insured on Gushi's Policy. (Doc. 39; Doc. 39-1.) Austin Mutual seeks summary and declaratory judgment from this Court that it is under no duty to defend or indemnify Stonehenge for CS Structures's and Secor's claims. (Doc. 15 at 16.)

## LEGAL STANDARD

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. The Court applies the substantive law of Montana in this diversity action. *In re Cnty. of Orange*, 784 F.3d 520, 524 (9th Cir. 2015).

3

## DISCUSSION

Austin Mutual claims that its insured, Stonehenge, willfully refused to cooperate with Austin Mutual to defend against the CS Structures and Secor claims. (Doc. 15 at 10.) The refusal of Stonehenge breached the terms of its Policy, Austin Mutual asserts, and that breach relieves Austin Mutual of any duty to defend Stonehenge from the claims. (Doc. 15 at 11.)

A party establishes noncooperation where "(1) the insured failed to cooperate in a material and substantial respect, (2) with an insurer's reasonable and material request, (3) thereby causing actual prejudice to the insurer's ability to evaluate and investigate a claim." *Streeter v. USAA Gen. Indem. Co.*, No. CV 20-188-M-DLC, 2023 WL 402507, at *4 (D. Mont. Jan. 25, 2023). Austin Mutual's requests of Stonehenge pass the threshold of reasonableness and materiality. Stonehenge doubtless failed to cooperate in a material and substantial respect with Austin Mutual's request to communicate with Austin Mutual, much less to participate in any defense against the CS Structures and Secor claims.

An Austin Mutual claims adjuster first attempted to contact Gushi, a Stonehenge partner, about the underlying matter on May 31, 2019. (Doc. 29 at 4; Doc 31 at 4.) The adjuster's first letter to Gushi, sent July 29, 2019, requested a "complete copy of your subcontractor agreement with CS Structures, and all work orders, purchase invoices, service orders, service invoices and billing associated

4

with this job." (Doc. 29 at 4; Doc 31 at 4.) The adjuster continued contact efforts. Gushi responded with a fifteen-minute phone call in October 2019 in which he provided an email address that proved unreachable. (Doc. 29 at 5; Doc 31 at 5.) The adjuster continued contact efforts. Gushi responded in December 2019, again in a brief conversation, this time about photographs that the adjuster emailed. (Doc. 29 at 5; Doc 31 at 5.)

The adjuster tried to contact Gushi in January and February 2020 with requests that he attend an inspection of the property around which the underlying dispute in this case swirls and assist Austin Mutual's investigation. (Doc. 29 at 6; Doc 31 at 6.) Gushi failed to attend. (Doc. 29 at 7; Doc. 31 at 6.) Indeed, Gushi failed to respond to any of the steady drumbeat of phone calls, text messages, emails, or certified letters directed to him by Austin Mutual over the next several months. (Doc. 29 at 7-20; Doc. 31 at 7-18.) When an investigator hired by the law firm Austin Mutual retained to defend Stonehenge in Montana state court located Gushi at home, Gushi responded with instructions: "get out of here" and "you need to leave." (Doc. 29 at 11; Doc. 31 at 10.) Austin Mutual argues that Stonehenge's noncooperation caused actual prejudice. (Doc. 15 at 16.) Austin Mutual asserts that the prejudice took the form of the withdrawal of the counsel that Austin Mutual retained to defend Stonehenge in Montana state court. (*Id.*)

A factual dispute remains as to whether Stonehenge's refusal to cooperate actually prejudiced Austin Mutual's ability to investigate the claim. "Actual prejudice requires affirmative proof of an advantage lost or disadvantage suffered as a result of the failure to cooperate, which has an identifiable detrimental effect on the insurer's ability to evaluate or present its defenses to coverage or liability." *Streeter* at *6 (quoting *Tran v. State Farm Fire & Cas. Co.*, 136 Wash. 2d 214, 228, 961 P.2d 358, 365 (1998)). Austin Mutual admits that it had access to the property at issue in the underlying case and did inspect the property by way of a retained third party. (Doc. 32 at 10.) Austin Mutual argues that it suffered prejudice despite this access because Stonehenge could have informed Austin Mutual of what work Stonehenge completed as opposed to what work some different subcontractor completed. (Doc. 32 at 10.)

Gushi's refusal to attend the property inspection and advise Austin Mutual of where Stonehenge's work begins and ends constituted a definite setback to Austin Mutual's defense efforts. The silence of one potential source of information does not cause "an identifiable detrimental effect on the insurer's ability to evaluate or present its defenses to coverage or liability," however, if other sources of the same information remain at the disposal of the party claiming noncooperation. Stonehenge, a Montana limited liability partnership, lists Natosha Gushi as a second partner in addition to Brian Gushi. (Doc. 31-2; Doc. 31-3.)

Austin Mutual presents no evidence that it ever attempted to contact Natosha Gushi. *See* (Doc. 16); *compare* (Doc. 16-2) (Crowley Fleck PLLP Motion to Withdraw as [Stonehenge's] Counsel of Record filed in Montana state district court, which lists "natosha.gushi@yahoo.com" as the email address for service of "all further pleadings and notices" in the case.) Austin Mutual presents no evidence that Natosha Gushi would not have been able to provide the information that it sought to adequately defend Stonehenge. Natosha Gushi, as a Stonehenge partner, may have had access to records of the work that Stonehenge performed on the property, may have identified other subcontractors who could delineate where the Stonehenge work occurred, and may have been personally involved in or witnessed the work Stonehenge conducted at the property. Whether contacting Natosha would have deviated from the standard claim investigation for Austin Mutual has no purchase. The noncooperation inquiry concerns itself with the insurer's *ability* to investigate and evaluate, not with the ease or comfort of insurer's task.

Additionally, Dusty Felska's report, Austin Mutual's belated addition to the record, notes that "no other contractors or engineers [were] at the loss site during the inspection" despite the involvement of "a couple sub contractors [sic]" in completing the work. (Doc. 41-1 at 1.) Stonehenge admitted in Montana state district court that it "contracted with Roof Construction, and possibly others, to perform certain services on the [p]roject." (Doc. 16-13.) The record does not

7

indicate, however, whether Austin Mutual sought any subcontractor who worked on the property, other than Brian Gushi, for records or recollections as to the scope of their own work or as to the scope of Stonehenge's work.

Finally, the Court notes that Austin Mutual's motion may be characterized as an attempt to have their cake and eat it too. The Austin Mutual-retained law firm's filings in Montana state court on behalf of Stonehenge did not argue "severe prejudice" from the noncooperation of Brian Gushi. The state court filings instead argued that the Montana state court should permit the firm's representation despite Stonehenge's noncooperation. (Doc. 31-7.) The Austin Mutual-retained law firm representing Stonehenge appeared substantively on behalf of Stonehenge when it submitted a motion for summary judgment and supporting briefs to defend against the Secor claim. (Doc. 30 at 7.) Such a posture suggests that "an identifiable detrimental effect on the insurer's ability to [. . .] present its defenses to coverage or liability" may be lacking. Austin Mutual fails to show that there exists no genuine dispute of fact and that it is entitled to judgment as a matter of law as to the element of "actual prejudice."

Accordingly, **IT IS HEREBY ORDERED** that

1. Austin Mutual's Motion for Summary Judgment (Doc. 14) is **DENIED**.
2. Secor's Rule 56(d) Motion (Doc. 28) is **DENIED as moot**.

DATED this 14th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court